# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| NORTH CYPRESS MEDICAL CENTER OPERATING CO., *et al.*, Plaintiffs, | § § § § | |
| v. | § § | CIVIL ACTION NO. H-08-2379 |
| BLUE CROSS BLUE SHIELD OF TEXAS, Defendant. | § § § § | |

## MEMORANDUM AND ORDER

This case is before the Court on Defendant's Motion to Reconsider [Doc. # 76], asking the Court to reconsider its denial of Defendant's Motion for Leave to File Amended Answer ("Motion to Amend") to add a "justification" defense. Plaintiffs filed a Response [Doc. # 77] opposing Defendant's Motion to Reconsider. Defendant neither filed a reply nor requested additional time to do so. Having reviewed the record and governing legal authorities, the Court denies the Motion to Reconsider.

"A motion to alter or amend judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted). "A Rule 59(e) motion 'serves the narrow purpose of allowing a party to correct manifest errors of law or fact

or to present newly discovered evidence' and 'is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.'" *Knight v. Kellogg Brown & Root Inc.*, 2009 WL 1471788, \*6 (5th Cir. 2009) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir.2004)).  Importantly, a "Rule 59(e) motion is not proper to re-litigate matters that have been resolved to the movant's dissatisfaction" and a party cannot attempt to obtain a "second bite at the apple" on issues that were previously addressed by the parties and the Court.  *Alvarado v. Texas Rangers*, 2005 WL 1420846, \*2 (W.D. Tex. June 14, 2005).  "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."  *Templet*, 367 F.3d at 479.

The Court denied the Motion to Amend, noting that Defendant failed to address the Rule 16(b) requirements for obtaining leave to amend after a scheduling order's deadline has expired.  Defendant does not argue that the Court's ruling that Defendant failed to address the Rule 16(b) good cause requirements for untimely amendments was an error of law or fact.  Instead, Defendant simply makes a belated effort to address the relevant Rule 16(b) factors, but offers no explanation for its prior failure

to address the governing legal principles.  Defendant has not established a legal basis for the Court ro reconsider and alter its prior ruling.[1]  Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Reconsider [Doc. # 76] is **DENIED**.

SIGNED at Houston, Texas, this **2**[nd] day of **June, 2010**.

*[signature]*
Nancy F. Atlas
United States District Judge

---

[1] The Court has considered Defendant's attempt in the Motion to Reconsider to address the requirements of Rule 16(b) and Plaintiffs' Response. The Court finds on the merits that Defendant still has not shown good cause for failing to seek leave to amend by the June 1, 2009 deadline.