IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NORTH CYPRESS MEDICAL CENTER OPERATING CO., *et al.*, Plaintiffs, | § § § § | |
| v. | § § | CIVIL ACTION NO. H-08-2379 |
| BLUE CROSS AND BLUE SHIELD OF TEXAS, Defendant. | § § § § | |

**MEMORANDUM AND ORDER**

This case is before the Court on the Motion for Final Summary Judgment ("Plaintiffs' Motion") [Doc. # 79] filed by Plaintiffs North Cypress Medical Center Operating Company, Ltd. and North Cypress Medical Center Operating Company GP, LLC (collectively, "North Cypress"), to which Defendant Blue Cross and Blue Shield of Texas ("Blue Cross") filed a Response [Doc. # 92], and Plaintiffs filed a Reply [Doc. # 94]. Also pending is Blue Cross's Motion for Summary Judgment ("Defendant's Motion") [Doc. # 85], to which Plaintiffs filed a Response [Doc. # 90], Defendant filed a Reply [Doc. # 97], and Plaintiffs filed a Sur-Reply [Doc. # 98]. Having carefully reviewed the full record and applied governing legal authorities, the

Court denies Plaintiffs' Motion and grants Defendant's Motion in part and denies it in part.

## I.     BACKGROUND

North Cypress is an acute care hospital with an emergency room, surgery center, pediatrics department, and a full range of medical services. Blue Cross and Blue Shield of Texas ("Blue Cross" or "Blue Cross (Texas)") is a provider of health care benefits.

From January 4, 2007 until June 14, 2007, North Cypress was out of network for Blue Cross. Between June 15, 2007, and December 19, 2007, North Cypress was a member of Blue Cross's network as a participating provider, agreeing to the maximum amounts that would be paid for medical services it rendered to Blue Cross members. During this entire 2007 period, Blue Cross honored all patient assignments to North Cypress and paid benefits directly to the hospital for the services it provided to Blue Cross members.

As of December 20, 2007, North Cypress left the Blue Cross network. North Cypress alleges that, at that point, Blue Cross began enforcing its 2006 "Pay-The-Member Policy/Procedure," ignoring assignments and paying the insurance benefits directly to the patient. North Cypress alleges that many of the patients failed to use the insurance benefits they received from Blue Cross to pay for the medical services

they received from North Cypress, resulting in a loss to North Cypress in excess of $2 million. North Cypress identifies three types of claims at issue in this case. "Blue Cross Claims" are claims by Blue Cross (Texas) member patients. "Blue Card Claims" are claims by members of other Blue Cross plans for services provided in Texas. "ASO Claims" are claims by members of self-funded plans for which Blue Cross provides only administrative services.

North Cypress filed this lawsuit in August 2008 and, thereafter, Blue Cross terminated its "Pay-the-Member" policy and again paid North Cypress directly for all patients from whom North Cypress had an assignment.

After the completion of exhaustive discovery, Plaintiffs and Blue Cross filed Motions seeking summary judgment on all claims in this lawsuit. The Motions have been fully briefed and are ripe for decision.

## II. STANDARD FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v.*

*ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). Put another way, "[s]ummary judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 399 (5th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the non-movant "only 'when both parties have submitted evidence of contradictory facts.'" *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (quoting *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999)). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co.*, 530 F.3d at 399. Instead, the nonmoving party must present specific facts which show "the

existence of a genuine issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted).

### III. ANALYSIS

North Cypress alleges that Blue Cross engaged in a civil conspiracy to interfere with its contracts with its patients by paying the patients directly rather than paying North Cypress pursuant to the assignments from its patients. North Cypress also alleges that Blue Cross tortiously interfered with those contracts by paying the patients directly, and that Blue Cross violated the Texas Insurance Code by sending checks directly to patients without informing them that the payment was intended for the payment of North Cypress's charges for medical services. North Cypress seeks monetary, declaratory, and injunctive relief. North Cypress also seeks exemplary damages and attorneys' fees.

#### A. **Tortious Interference with Contracts Claim**

The essential elements of a tortious interference with contract claim are: "(1) the existence of a contract subject to interference; (2) a willful and intentional act of interference; (3) the act was the proximate cause of plaintiff's damages; and (4) actual damage or loss." *See Hong Kong Development, Inc. v. Nguyen*, 229 S.W.3d 415, 446-47 (Tex. App. – Houston [1st Dist.] 2007) (citing *Powell Indus., Inc. v. Allen*, 985

S.W.2d 455, 456 (Tex. 1998)); *John Paul Mitchell Sys. v. Randalls Food Markets, Inc.*, 17 S.W.3d 721, 730 (Tex. App. – Austin 2000) (citing *Texas Beef Cattle Co. v. Green,* 921 S.W.2d 203, 210 (Tex. 1996)).

North Cypress's tortious interference claim is based on Blue Cross's decision to pay benefits directly to the patients rather than honor the assignments and pay the hospital. North Cypress has presented evidence that raises a genuine issue of material fact regarding whether Blue Cross's decision to pay the patient rather than the provider was a willful and intentional act of interference with North Cypress's contractual assignments from its patients. Indeed, a jury could reasonably infer intentional interference from the chronology of events. In 2007, while North Cypress was out of the Blue Cross network, Blue Cross honored all assignments and paid benefits directly to North Cypress. Beginning December 2007, when North Cypress withdrew from the Blue Cross network, Blue Cross refused to honor assignments of benefits that North Cypress presented to Blue Cross. In October 2008, soon after North Cypress filed this lawsuit, Blue Cross again honored assignments of benefits obtained by North Cypress from its patients. Additionally, Plaintiff has presented evidence that Blue Cross employees Shara McClure (Blue Cross Director of Facility Provider Network for Southeast Texas) and Shannon Stansbury (Blue Cross Vice President of Network Management) responded to North Cypress's notice that it would

withdraw from the Blue Cross network by implementing the "pay-the-member" policy and by notifying Blue Cross of Tennessee (North Cypress's own healthcare insurer for its employees) that the decision to leave the Blue Cross network "could affect their financials." *See* Emails, Exh. H to Plaintiff's Motion. McClure and Stansburg also decided to respond to North Cypress's decision to withdraw from the Blue Cross network by "keeping an eye on their admits through the ER" and "if we can re-direct or deny for medical necessity we should." *See id.* McClure then sent a letter to North Cypress threatening to send letters to 18,000 Blue Cross members advising them that North Cypress was no longer part of the Blue Cross network to "encourage members to access care" at participating, in-network medical facilities. *See* Letter, Exh. I to Plaintiff's Motion.

This and other evidence in the record raises a genuine issue of material fact that precludes summary judgment on the tortious interference claim.

**B.** **Civil Conspiracy Claim**

To establish a civil conspiracy, the plaintiff must show that the defendants agreed on a goal or course of action, and that one of them committed an unlawful, overt act in furtherance of the goal or course of action. *Tri v. J.T.T.,* 162 S.W.3d 552, 556 (Tex. 2005). Additionally, since civil conspiracy is a derivative tort, the plaintiff must show that the defendants were liable for some underlying tort in order to prevail

on this cause of action. *See Trammell Crow Co. No. 60 v. Harkinson,* 944 S.W.2d 631, 635 (Tex. 1997). North Cypress has not presented evidence that Blue Cross entered into an agreement with any other party for Blue Cross to pay North Cypress's patients directly in 2007. Indeed, the uncontroverted evidence indicates that the decision was made by Blue Cross only. As a result, Blue Cross is entitled to summary judgment on the civil conspiracy claim.

### C.     Texas Insurance Code Claims

North Cypress alleges that Blue Cross violated chapter 541 of the Texas Insurance Code, which grants a cause of action to any person, including a hospital, injured by another's deceptive acts or practices in the business of insurance. *See* TEX. INS. CODE § 541.151. Section 541.061(2) makes it an unfair or deceptive practice to fail to state a material fact that is needed to make other statements not misleading. *See* TEX. INS. CODE 541.061(2). Section 541.061(3) makes it an unfair or deceptive practice to make "a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact." *See* TEX. INS. CODE § 541.061(3).

North Cypress alleges that Blue Cross "made payments directly to their insureds for payment of claims that had been presented pursuant to Blue Cross policies of health insurance." *See* Third Amended Complaint [Doc. # 59], ¶ 45. North Cypress alleges that this violated § 541.061 of the Texas Insurance Code because Blue

Cross "failed to advise their insureds" that § 1204.054 of the Texas Insurance Code requires payment to the health care provider if there is a valid assignment from the patient to the provider. North Cypress alleges that Blue Cross violated § 541.061 by failing to advise those patients it paid directly that: "(a) as is required by Texas law, the insurance policies allowed Assignments to health providers; (b) under Texas law, the payments had been validly assigned to North Cypress; (c) under Texas law, defendants were required to make these payments directly to North Cypress and not to the insured; and (d) the checks should be immediately signed over to North Cypress." *See* Third Amended Complaint [Doc. # 59], ¶ 45. North Cypress alleges that Blue Cross's failure to state these facts made the statement that Blue Cross was paying benefits to the patient misleading and could mislead the patient to the false conclusion that he was entitled to keep the money and not pay North Cypress for the medical services it provided.

In this case, it is undisputed that Blue Cross in many instances ignored a valid assignment and paid the patient rather than North Cypress. It is also undisputed that, when making payment to the patient, Blue Cross did not advise the patient that Texas law requires an insurer to recognize valid assignments and make payment of benefits directly to the provider/assignee. There exists, however, a genuine issue of material fact regarding whether Blue Cross's failure to provide that information rendered other

statements misleading or would lead "a reasonably prudent person" to the false conclusion that they could keep the benefits and not pay North Cypress. As a result, summary judgment on the Texas Insurance Code claim is denied.

### D.  Requests for Declaratory Relief

North Cypress seeks three declarations from the Court. The Federal Declaratory Judgment Act provides in part:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201 (emphasis added). As is evident from the word "may," a district court has discretion in deciding whether to entertain a declaratory judgment action. *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994).

First, North Cypress seeks a declaration that ERISA[1] does not preempt its claims. There is no actual controversy in this case regarding ERISA preemption. Although Blue Cross notes that the Texas Department of Insurance has taken the position that it does not regulate self-funded ERISA plans, Blue Cross does not argue that any of North Cypress's claims are preempted by ERISA. As a result, North Cypress is not entitled to a declaratory judgment on this issue. *See, e.g., Life Partners,*

---

[1]   Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.*

*Inc. v. Life Ins. Co. of N. Am.*, 203 F.3d 324, 325 (5th Cir. 1999) ("Federal courts do not render advisory opinions.").

North Cypress also seeks a declaration that § 1204.054 of the Texas Insurance Code requires Blue Cross to recognize assignments and make payment directly to North Cypress. It is undisputed that Blue Cross is required to honor assignments involving governmental plans, and no declaration is needed.[2] It is contested and unclear, however, whether Blue Cross is required to honor assignments regarding ASO (fully-funded ERISA plans for which Blue Cross provides only administrative services) and Blue Card program (plans issued in states other than Texas) claims. The Court notes that the Texas Department of Insurance has repeatedly taken the position that it does not regulate such fully-funded ERISA claims or insurance policies issued in states other than Texas. *See, e.g.*, Exhibits B-F to Defendant's Motion. The statutory language of § 1204.054 does not, however, appear to include these limitations applied by the Texas Department of Insurance, and the statute has not been judicially interpreted. Nevertheless, because North Cypress does not assert a cause of action based on an alleged violation of § 1204.054 and because a decision on the

---

[2]   Blue Cross recognizes, as it must, that it is required by Texas law to honor assignments of benefits for claims by members of governmental plans such as the Teachers Retirement System. *See Toranto v. Blue Cross and Blue Shield of Texas*, 993 S.W.2d 648 (Tex. 1999).

issue is not essential to any substantive claim in this lawsuit, the Court concludes that declaratory relief is unnecessary on this issue and declines to issue a declaration on the matter at this time.

As its third request, North Cypress seeks a declaration that § 1301.067 of the Texas Insurance Code precludes Blue Cross from discouraging physicians affiliated with North Cypress "from communicating treatment options to their patients, specifically the option to refer a Blue Cross insured patient to one of the Plaintiffs' facilities." *See* Third Amended Complaint [Doc. # 59], ¶ 58. This request relates to Plaintiffs' claim for tortious interference with prospective business relations, a claim abandoned by Plaintiffs' counsel in open court on April 20, 2010. As a result, the Court declines to issue a declaration regarding this abandoned claim.

### E.     Request for Injunctive Relief

North Cypress seeks an injunction requiring Blue Cross to honor all written assignments; to inform all physicians in writing that Blue Cross may not require physicians to refer their patients to Blue Cross network providers and may, instead, refer patients to North Cypress even though the hospital is not a Blue Cross network provider; and to perform the foregoing within ten (10) days. *See* Third Amended Complaint, ¶ 59. To the extent Plaintiffs request an injunction requiring Blue Cross to send letters to physicians, the request relates to the abandoned tortious interference

with prospective business relations claim.  To the extent the request for an injunction relates to the Texas Insurance Code claim, it is unclear whether an issue remains regarding Blue Cross's current practice.  Blue Cross states that since October 10, 2008, it has honored all assignment covered by § 1204.054.  North Cypress asserts that after the October 10, 2008 date, Blue Cross has occasionally ignored valid assignments and paid the patient directly.  Consequently, summary judgment on the request for this injunctive relief is denied.

### IV.     CONCLUSION AND ORDER

Based on the foregoing, it is hereby

**ORDERED** Plaintiffs Motion for Final Summary Judgment [Doc. # 79] is **DENIED**.  It is further

**ORDERED** that Defendant Blue Cross and Blue Shield of Texas's Motion for Summary Judgment [Doc. # 85] is **GRANTED** as to the civil conspiracy claim and the request for declaratory relief.  Defendant Blue Cross's Motion for Summary Judgment is **DENIED** as to the tortious interference with contracts claim, the Texas Insurance Code claim, and the request for injunctive relief.

Docket call remains scheduled for **November 2, 2010**, unless the parties have resolved their dispute prior to that date.

SIGNED at Houston, Texas, this **18th** day of **October, 2010**.

_____
Nancy F. Atlas
United States District Judge