# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| NORTH CYPRESS MEDICAL CENTER OPERATING CO., *et al.*, <br>     Plaintiffs, <br><br> v. <br><br> BLUE CROSS BLUE SHIELD OF TEXAS, <br>     Defendant. | § § § § § § § § § § | CIVIL ACTION NO. H-08-2379 |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Rehearing [Doc. # 109] filed by Plaintiffs North Cypress Medical Center Operating Company, Ltd. and North Cypress Medical Center Operating Company, GP, LLC (collectively, "North Cypress"), to which Defendant Blue Cross and Blue Shield of Texas ("Blue Cross") filed a Response [Doc. # 111], and Plaintiffs filed a Reply [Doc. # 113]. Having reviewed the record and applied governing legal authorities, the Court **denies** the Motion for Rehearing.

## I.     BACKGROUND

North Cypress is an acute care hospital that provides emergency, surgical, and other medical services. Blue Cross is a provider of health care benefits.

From January 4, 2007 until June 14, 2007, North Cypress was out of network for Blue Cross. Between June 15, 2007, and December 19, 2007, North Cypress was a member of Blue Cross's network as a participating provider, agreeing to the maximum amounts that would be paid for medical services it rendered to Blue Cross members. During this entire 2007 period, Blue Cross honored all patient assignments to North Cypress and paid benefits directly to the hospital for the services it provided to Blue Cross members.

As of December 20, 2007, North Cypress left the Blue Cross network. North Cypress alleges that, at that point, Blue Cross began ignoring assignments and paying the insurance benefits directly to the patient. North Cypress alleges that many of the patients failed to use the insurance benefits they received from Blue Cross to pay for the medical services they received from North Cypress, resulting in a loss to North Cypress in excess of $2 million.

North Cypress filed this lawsuit in August 2008. In its Third Amended Complaint, Plaintiffs asserted causes of action for tortious interference with contracts, civil conspiracy, and Texas Insurance Code violations. Plaintiffs sought monetary, declaratory, and injunctive relief. After the completion of exhaustive discovery, the Court granted Blue Cross's Motion for Summary Judgment as to the civil conspiracy claim and the request for declaratory relief, and denied the motion as to the tortious

interference with contracts claim, the Texas Insurance Code claim, and the request for injunctive relief.  *See* Memorandum and Order [Doc. # 104].

Plaintiffs filed a timely Motion for Rehearing seeking reconsideration of the Court's decision not to issue declaratory relief because Plaintiffs did not assert a cause of action based on an alleged violation of § 1204.054 of the Texas Insurance Code, which requires an insurer to pay benefits directly to the health care provider if the provider has a valid written assignment from the insured.  Alternatively, Plaintiffs seeks leave to file a Fourth Amended Complaint adding a cause of action based on an alleged violation of § 1204.054.  The Motion for Rehearing has been fully briefed and is ripe for decision.

## II.     MOTION FOR RECONSIDERATION OF PRIOR RULING

A motion for reconsideration pursuant to Rule 59 of the Federal Rule of Civil Procedure requires either a manifest error or newly discovered evidence.  *See Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005).  A Rule 59 motion is not a "vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment" but instead has a "narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet v. HydroChem Inc.*. 367 F.3d 473, 479; *see also Cates v. Hertz Corp.*, 347 F.

App'x 2, 6 (5th Cir. Aug. 11, 2009).  Relief under Rule 59 "is an extraordinary remedy that should be used sparingly."  *Templet*, 367 F.3d at 479.

In its prior ruling, the Court noted that Plaintiffs did not assert a cause of action based on Blue Cross's alleged violations of § 1204.054 and, on that basis, declined to issue a declaration on the issue.  Plaintiffs seek reconsideration of that ruling, arguing that they alleged § 1204.054 violations in the Third Amended Complaint.

The Court has considered the parties' briefing and, moreover, has again carefully reviewed the Third Amended Complaint.  Plaintiffs are correct that they identify § 1204.054 as a "relevant state statute" and allege factually that Blue Cross violated the statute.  Those allegations, however, are the basis for Plaintiffs' existing claims.  In the tortious interference with contract claim, Plaintiffs assert that Blue Cross tortiously interfered with their contracts with their patients when Blue Cross "maliciously and unlawfully refused to honor the Assignments, and instead paid the patients directly."  *See* Third Amended Complaint [Doc. # 59], ¶ 30.  Similarly, in the cause of action based on Chapter 541 of the Texas Insurance Code, Plaintiffs allege that Blue Cross violated that chapter of the Texas Insurance Code when it "made payments directly to the insureds . . . in direct and intentional contravention of the Assignments to North Cypress."  *See id.*, ¶ 45.  The Third Amended Complaint does not, however, include a cause of action based on the alleged violations of § 1204.054.

Plaintiffs note that the parties conducted discovery on the issue, and discussed the alleged violations in their summary judgment briefing.  There may be situations in which the parties agree to conduct discovery on an unasserted claim with a factual basis that is clearly distinct from that of the asserted claim, thus placing the defendant on notice of the unpleaded claim.  For example, the parties in a case alleging race discrimination in employment may, by agreement, conduct discovery on and litigate an unpleaded claim for retaliation.  In the case at bar, however, the discovery and arguments of counsel regarding the alleged violations of § 1204.054 were relevant to Plaintiffs' existing causes of action predicated on alleged violations of the state statute.  Plaintiffs' conduct during discovery in this case did not put Blue Cross or the Court on notice that Plaintiffs intended to pursue an additional, unpleaded cause of action, particularly one with the ***same factual basis*** as the existing claims.

The Court's prior ruling that Plaintiffs have not asserted a cause of action based on the alleged violations of § 1204.054 was correct.  The Court continues to exercise its discretion not to issue a declaration on a cause of action that is not asserted in the Third Amended Complaint.  Consequently, the Court denies Plaintiffs' Motion for Rehearing.

## III.    REQUEST FOR LEAVE TO AMEND

Alternatively, Plaintiffs seek leave to file a Fourth Amended Complaint asserting the § 1204.054 claim.  The deadline for filing amended pleadings was June 11, 2009.  The Court allowed Plaintiffs to file the Third Amended Complaint on October 19, 2009, after the deadline expired.  The pending request for leave to amend was filed October 25, 2010, well after the deadlines for amendments expired.  Indeed, the pending request for leave to amend was filed after the close of discovery, after dispositive motions were decided, and shortly before the date for the parties' Joint Pretrial Order and docket call.

Where, as here, a deadline for amendments to pleadings has expired, Rule 16(b) of the Federal Rules of Civil Procedure provides that the deadline "may be modified only for good cause and with the judge's consent." *Marathon Financial Ins., Inc. v Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009).  To determine whether the moving party has established good cause, the Court considers the following four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (quoting *Sw. Bell Tel. Co. v. City of El Paso,* 346 F.3d 541, 546 (5th Cir. 2003)).

"In the context of a motion for leave to amend, the court may deny the motion if the movant 'knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint.'" *Udoewa v. Plus4 Credit Union*, 2010 WL 1169963, *2 (S.D. Tex. Mar. 23, 2010) (quoting *Pallottino v. City of Rio Rancho,* 31 F.3d 1023, 1027 (10th Cir. 1994), and citing *Pope v. MCI Telecomms. Corp.*, 937 F.2d 258, 263 (5th Cir. 1991) (denying, under Rule 15(a)'s more lenient standard, a late-filed motion to amend a complaint to include claims based on same facts); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (denying leave to amend under Rule 16(b) when facts were known to plaintiff at time of first complaint); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340-41 (2d Cir. 2000) (denying leave to amend under Rule 16(b) where plaintiff "had all the information necessary" to support the new claim at the time he filed the lawsuit).

In this case, it is clear and uncontested that Plaintiffs had all the information necessary to assert a cause of action based on alleged violations of § 1204.054 before it filed the Third Amended Complaint in October 2010. As a result, the Court could on this basis alone deny Plaintiffs' request to amend. Nonetheless, the Court will consider the other relevant factors.

The Court finds that the amendment is not of great importance because the alleged violations of § 1204.054 provide, at least in part, the factual basis for Plaintiffs' remaining tortious interference with contract and Texas Insurance Code claims.  There is no indication that, if Plaintiffs were permitted to add a violation of § 1204.054 claim, they could recover monetary relief different from the relief available on Plaintiffs' existing claims.  For example, the pending tortious interference with contracts cause of action has the potential for an award of exemplary damages.  Additionally, because the statute has not been judicially interpreted, it is unclear whether there exists an independent cause of action based on a violation of § 1204.054.

Blue Cross would be prejudiced if the amendment is granted because it could further delay final resolution of this case.  To the extent the prejudice to Blue Cross could be cured by a continuance, the Court has "broad discretion to preserve the integrity and purpose of the pretrial order." *S&W Enters., LLC v. Southtrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir. 2003).  The Court in this case exercises that discretion to preserve the integrity of the current Docket Control Order and, therefore, declines to extend its deadlines.

Plaintiffs have failed to establish good cause for filing a Fourth Amended Complaint to add a new cause of action based on alleged violations of § 1204.054.

It is undisputed that Plaintiffs knew the facts upon which the proposed amendment is based, but failed to include a cause of action asserting such a violation in the Third Amended Complaint. The proposed amendment would not materially increase the relief to which Plaintiffs would be entitled should they prevail on the causes of action remaining for trial. The request to amend is untimely by well more than a year and the resulting delay would be prejudicial to Blue Cross. The Court declines to permit the untimely amendment on this record.

## IV.  CONCLUSION AND ORDER

Plaintiffs have failed to establish a legal basis for the reconsideration they seek. The Third Amended Complaint, while containing repeated assertions that Blue Cross failed to comply with the requirements of § 1204.054, contains no cause of action based on that failure. Plaintiffs' request to amend the Complaint again to add a cause of action based on an alleged violation of § 1204.054 is untimely and is not supported by a showing of good cause. Because Plaintiffs did not plead a cause of action based on the alleged violations of § 1204.054, the Court continues in its decision not to consider declaratory relief on the issue. Accordingly, it is hereby

**ORDERED** that Plaintiffs' Motion for Rehearing [Doc. # 109] is **DENIED**. It is further

**ORDERED** that the parties shall file their Joint Pretrial Order by **March 15, 2011**, and shall appear for docket call at **4:00 p.m. on March 21, 2011**.

SIGNED at Houston, Texas, this **9th** day of **February, 2011**.

_____
Nancy F. Atlas
United States District Judge